# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2015

Lyle W. Cayce
Clerk

No. 14-51274
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OCTAVIO ALONSO MONTENEGRO-MUNIZ, also known as Tavo, also known as Tavito,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1726-5

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Octavio Alonso Montenegro-Muniz pleaded guilty to conspiracy to possess, with intent to distribute, 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841 and 846, and aiding and abetting possession, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841 and 2. He was sentenced to 70 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-51274

Montenegro asserts his counsel was ineffective at sentencing, because he failed to: (1) lodge a timely objection to the factual basis of the plea; (2) file a sufficiently detailed motion for variance; and (3) highlight letters of support submitted on his behalf.

Generally, our court does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 123 (2014). "We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).

Montenegro did not raise these claims in district court. Moreover, he sets forth conclusory allegations of deficient performance by his counsel, without citations to relevant legal authority. In short, the record is not sufficiently developed to allow for fair consideration of these claims; therefore, we decline to consider them on direct appeal, without prejudice to Montenegro's right to raise them on collateral review. *See Isgar*, 739 F.3d at 841.

AFFIRMED.